# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., | CASE NO. 1:09-CV-01688-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF COMPLAINT WITH LEAVE TO AMEND FOR SOME CLAIMS |
| v. | |
| STATE OF CALIFORNIA, et al., | (DOC. 1) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.     Background**

Plaintiff Leonard Ransom, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on September 24, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.      Summary of Complaint

Plaintiff is currently incarcerated at California Correctional Institution. Plaintiff was previously incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: the State of California, former Secretary of CDCR James Tilton, and former warden of KVSP and current commissioner on the Board of Parole Hearings ("BPH") Lea Ann Chrones.

Plaintiff alleges the following. On March 13, 1998, Plaintiff was convicted of the habitual offender sentence enhancement, and he received a sentence of life with the possibility of parole in twenty years. (Compl. ¶ 27.) At the time of Plaintiff's sentencing, persons convicted of life offenses, other than murder offenses, could only be denied a parole hearing up to two years. (Compl. ¶ 31.) Plaintiff received his latest parole hearing in June 9, 2009. (Compl. ¶ 49.) Defendant Lea Ann Chrones served as a commissioner in the hearing. (Compl. ¶ 49.) During the hearing, Plaintiff through his counsel objected to the application of Marsy's law, Proposition 9, which changed the next parole hearing dates for those with life sentences and eligibility for parole. (Compl. ¶ 53.) Plaintiff objected to a lack of jurisdiction by the parole board. (Compl. ¶ 55.) Plaintiff also requested a postponement of the hearing because Plaintiff was suffering deficient mental health care at the time. (Compl. ¶ 57.) All of Plaintiff's objections were denied.

At the conclusion of the hearing, Plaintiff was denied parole, with the next parole hearing set for ten years later. (Compl. ¶ 59.) Defendant Chrones cited to a number of false reports in Plaintiff's central file in support of the decision. (Compl. ¶ 60.) Defendant also applied the

harsher parole guidelines for suitability hearings under Marsy's law. (Compl. ¶ 61.)

Plaintiff alleges that he was denied parole in violation of the Ex Post Facto Clause and The Due Process Clause of the Fourteenth Amendment when the board applied Marsy's law to his case. (Compl. ¶ 63.) Plaintiff alleges that Defendant Chrones used knowingly false information as a basis for her decision-making process in violation of substantive due process. (Compl. ¶ 64.) Plaintiff alleges that Defendants violated due process when they conducted a parole hearing without jurisdiction. (Compl. ¶ 65.) Plaintiff alleges that he was deprived of equal protection when Defendant Chrones used Plaintiff's race and class as factors in the panel's decision. (Compl. ¶ 66.) Plaintiff also alleges a violation of the separation of powers doctrine. (Compl. ¶ 67.)

Plaintiff seeks declaratory and injunctive relief. Plaintiff requests that Defendants be permanently enjoined from taking any action as a result of the June 9, 2009 parole hearing, and from applying Proposition 9 to any future parole hearing. Plaintiff requests a federal audit of his central prison file. Plaintiff requests an immediate parole hearing pursuant to the rules and laws in place when Plaintiff was sentenced. Plaintiff also requests a permanent injunction enjoining Defendants from applying any laws or regulations adopted for the Board of Prison Terms, which Plaintiff contends was independent, to the Board of Parole Hearings, which Plaintiff contends is an arm of CDCR and not independent.[1]

### III. Analysis

#### A. Favorable Termination

Where the § 1983 action would not necessarily imply the invalidity of the conviction or sentence, it may proceed. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (concluding that § 1983 claims were cognizable because granting declaratory and injunctive relief that would render invalid state procedures used to deny parole eligibility and suitability would "[not] necessarily

---

[1] The Board of Prison Terms was replaced, effective July 1, 2005, by the Board of Parole Hearings ("BPH"). *See In re Olson*, 149 Cal. App. 4th 790, 793 n.1 (Cal. Ct. App. 2007). The Board of Parole Hearings has the same duties and functions with respect to adult term setting and parole release decisions as its predecessor. *Id.* (citing Cal. Penal Code, §§ 5075, 5075.1, 3041, Cal. Gov. Code, §§ 12838, 12838.4, *added or amended by* (Stats.2005, ch. 10 (Sen. Bill No. 737), §§ 6, 29, 46, 47, pp. 1-21, eff. May 10, 2005, operative July 1, 2005)).

spell speedier release"). Here, success would at most result in a new parole hearing for Plaintiff. Accordingly, this action is not barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

### B.  Defendant State Of California

The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. *Lucas v. Dep't Of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff names the State of California, which has Eleventh Amendment immunity from suit. Plaintiff thus fails to state a claim under § 1983 against the State.

### C.  Ex Post Facto Clause

The United States Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. A law violates the Ex Post Facto Clause if it : (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. *See Cal. Dept. of Corr. v. Morales*, 514 U.S. 499, 504 (1995); *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." *Garner v. Jones*, 529 U.S. 244, 250 (2000).

On November 4, 2008, California voters approved Proposition 9 (entitled Victims' Rights in Parole Proceedings, or the Victims' Bill Of Rights Act of 2008: Marsy's Law), which amends California Penal Code section 3041.5 to permit the board to defer subsequent parole consideration hearings for longer periods than those provided in the former statute. Cal. Penal Code § 3041.5 (Deering 2010).

Prior to the passage of Proposition 9, in the event a prisoner was determined unsuitable for parole, a subsequent parole hearing would be held annually thereafter. Cal Penal Code § 3041.5(b)(2) (2008). If the parole board determined it was not reasonable to expect parole would be granted within the next year, it could defer rehearing for two years. *Id.* If the prisoner was convicted of murder and it was not reasonable to expect he/she would be granted parole within the year, the board could select a rehearing term of up to five years. *Id.* Proposition 9 changed

4

the frequency of subsequent parole hearings as follows:

> The board shall schedule the next hearing, after considering the views and interests of the victim, as follows:
>
> (A) Fifteen years after any hearing at which parole is denied, unless the board finds by clear and convincing evidence that the criteria relevant to the setting of parole release dates enumerated in subdivision (a) of Section 3041 are such that consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than 10 additional years.
>
> (B) Ten years after any hearing at which parole is denied, unless the board finds by clear and convincing evidence that . . . consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than seven additional years.
>
> (C) Three years, five years, or seven years after any hearing at which parole is denied, because . . . consideration of the public and victim's safety requires a more lengthy period of incarceration for the prisoner, but does not require a more lengthy period of incarceration for the prisoner than seven additional years.

Cal. Penal Code § 3041.5(b)(3).

Plaintiff challenges the application of Proposition 9 to his parole suitability hearing. At the time of Plaintiff's sentencing, persons convicted of life offenses, other than murder offenses, could only be denied a parole hearing up to two years. Plaintiff contends that Proposition 9 extends the minimum time he must serve before his next hearing. Here, the Court does not find that Plaintiff states a cognizable Ex Post Facto Clause claim.

The Supreme Court found that a California statue did not violate ex post facto because the retroactive application of the change in California law did not create "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Morales*, 514 U.S. at 509; *see Garner v. Jones*, 529 U.S. 244, 250 (2000). That law "did not modify the statutory punishment for any particular offenses," it did not "alter the standards for determining either the initial date of parole eligibility or an inmate's suitability for parole," and it "did not change the basic structure of California's parole law." *Garner*, 529 U.S. at 250 (citing *Morales*, 514 U.S. at 507-08.) In this case, Proposition 9 does not modify the punishment for Plaintiff's offense, did not alter his initial parole eligibility date, and did not change the basic structure of California parole law. The board must consider the same factors in determining parole suitability as before the adoption of Proposition 9. *See* Cal. Penal Code § 3041(b); Cal. Code Regs. tit. 15, § 2402(b).

5

Furthermore, in *Garner*, the Supreme Court determined that an amendment to Georgia's parole law did not violate ex post facto even when the frequency of reconsideration hearings was changed from every three years to every eight years. *Garner*, 529 U.S. at 256. The change in Georgia law did not lengthen the prisoner's time of actual imprisonment because Georgia law vested broad discretion with the parole board to set a prisoner's date of rehearing. *Id.* at 254-56. The Court found it significant that the parole board's own policies allowed "expedited parole reviews in the event of a change in [a prisoner's] circumstance or where the Board receives new information that would warrant a sooner review." *Id.* at 254.

Here, the California parole board is still vested with broad discretion in selecting a date of rehearing from three years to fifteen years. The parole board retains the discretion to advance a hearing at any time should there be a change in circumstances. The board

> may in its discretion, after considering the views and interests of the victim, advance a hearing set pursuant to paragraph (3) to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner provided in paragraph (3).

Cal. Penal Code § 3041.5(b)(4). Proposition 9 does not create more than a "'speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes.'" *Garner*, 529 U.S. at 251 (quoting *Morales*, 514 U.S. at 509). Accordingly, Plaintiff's ex post facto claim fails as a matter of law. The Court recommends denying leave to amend as to this claim, as there are no set of facts that can be alleged which would state a viable ex post facto claim.

**D.    Reliance On False Information**

Plaintiff alleges a violation of the Due Process Clause when Defendant Chrones knowingly relied on false information in finding Plaintiff unsuitable for parole. Plaintiff fails to state a cognizable § 1983 claim.

"[S]tate created rights may give rise to liberty interests that may be enforced as a matter of federal law." *Pearson v. Muntz*, 606 F.3d 606, 609 (9th Cir. 2010) (per curiam) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). The Ninth Circuit has concluded that "California has created a parole system that independently requires the enforcement of certain procedural and

6

1  substantive rights, including the right to parole absent 'some evidence' of current dangerousness."
2  *Id.* at 611 (citing *Hayward v. Marshall*, 603 F.3d 546, 562 (9th Cir. 2010) (en banc)); *see also*
3  *Cooke v. Solis*, 606 F.3d 1206, 1213 (9th Cir. 2010) (noting that "California's 'some evidence'
4  requirement is a component of the liberty interest created by the parole system of that state").[2]
5  California's parole scheme thus creates a due process right enforceable under federal law.

6      Plaintiff has not plead what false information was relied upon by Defendant Chrones to
7  find Plaintiff unsuitable for parole.  Additionally, even reliance upon some false information is not
8  sufficient to state a violation of Due Process, if other relevant evidence exists to support the
9  denial.  Plaintiff alleges that only some of the relevant evidence relied upon was false.  Thus, there
10 existed relevant evidence which was not false, which was relied upon by the parole board and
11 Defendant Chrones to find Plaintiff currently dangerous and thus unsuitable for parole.  Plaintiff
12 fails to state a cognizable claim for violation of Due Process.  The Court will recommend granting
13 leave to amend as to this claim.

14     **E.  Lack Of Jurisdiction**

15 Plaintiff alleges the Board of Parole Hearings lacked jurisdiction to adjudicate his parole
16 hearing in violation of due process.  Plaintiff cites to no case law or other authority in support of
17 his argument.  This claim is thus denied.

18     **F.  Equal Protection**

19 Plaintiff alleges that Defendant Chrones relied on Plaintiff's race as a factor in denying
20 Plaintiff parole.[3]  The Equal Protection Clause requires that persons who are similarly situated be
21 treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  An

---

[2] Under California law, "the paramount consideration for both the Board and the Governor" must be "whether the inmate currently poses a threat to public safety and thus may not be released on parole,"[citation], and "the facts relied upon by the Board or the Governor [must] support the ultimate decision that the inmate remains a threat to public safety. *Cooke v. Solis*, 606 F.3d 1206, 1214 (9th Cir. 2010) (quoting *In re Lawrence*, 44 Cal. 4th 1181,1210, 1213(2008)); *see also* Cal. Code Regs. tit. 15, § 2402(a) ("[I]f in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison," the prisoner must be found unsuitable and denied parole).

[3] Plaintiff contends discrimination on the basis of "race and class." (Compl. ¶ 66.) It is unclear what Plaintiff means by class.  The Court thus construes this as a claim of discrimination on the basis of the suspect class of race.

7

equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). A plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009) (internal quotations and citation omitted); *see Iqbal*, 129 S. Ct. at 1949-50.

      Plaintiff alleges that Defendant Chrones used her connections with "Aryan friends and co-workers" to become a commissioner on the BPH. This allegation, by itself, is not plausible on its face. It is the Governor of California who nominates a BPH commissioner, and the nominee is subject to state senate confirmation. Cal. Penal Code § 5075(b). The allegation is also not indicative of Defendant Chrones's alleged racism for purposes of denying Plaintiff parole. Thus, this does not support a claim of an Equal Protection violation.

      Plaintiff alleges he has first-hand knowledge of Defendant Chrones's racism because of the disparate treatment that black inmates receive from white and Hispanic correctional officers. (Compl. ¶ 48.) However, the actions of one's subordinates do not support a claim of supervisory liability, or demonstrate discriminatory purpose for an equal protection claim. *Iqbal*, 129 S. Ct. at 1948-49. Plaintiff also alleges that when Defendant Chrones was warden, over 400 minority prisoners were held over their lawful release dates. (Compl. ¶ 48.) Even assuming this is true, Defendant Chrones as warden would have no authority to deny parole for any inmates, as that authority lies with the parole board.

      Plaintiff has not shown a discriminatory intent by Defendant Chrones on the basis of race. Plaintiff thus fails to state an Equal Protection claim. The Court will recommend granting leave for Plaintiff to amend this claim.

///

### G. California Separation of Powers Doctrine

Plaintiff contends that the Board of Parole Hearings operates in violation of the separation of powers doctrine in Article III, section 3 of the California Constitution. It is unclear what Plaintiff contends here. However, because Plaintiff fails to state any cognizable federal claims, the Court recommends declining supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).[4]

### H. Supervisory Liability

Plaintiff names Defendant Tilton as a Defendant because he was the Secretary of CDCR at the time Plaintiff's parole was denied and is responsible for the administration of all policies of the CDCR. Plaintiff appears to allege supervisory liability against Defendant Tilton. Plaintiff fails to state a cognizable claim against him. Under § 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights'

---

[4] A claim that it violates the federal constitution is not cognizable because federal doctrine of separation of powers does not extend to the states under the Fourteenth Amendment. *Hughes v. Superior Court*, 339 U.S. 460, 467 (1950).

9

and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor*, 880 F.2d at 1045.

Here, Plaintiff alleges no facts which indicate Defendant Tilton personally participated in the deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated a policy so deficient that itself is a repudiation of constitutional rights. As stated previously, the Court does not find an ex post facto or any other cognizable claim.

## IV. Conclusion And Recommendation

Plaintiff fails to state any cognizable claims. The Court recommends that Plaintiff's ex post facto claim be dismissed without leave to amend, as Plaintiff can allege no set of facts that will cure the deficiencies of that claim. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). The Court recommends granting Plaintiff leave to file an amended complaint as to Plaintiff's other claims within thirty days from the date of the order resolving these Findings and Recommendations.

If Plaintiff opts to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Plaintiff is further advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

///

///

///

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The Clerk of Court send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint be dismissed;
3. Plaintiff's ex post facto claim be dismissed without leave to amend; and
4. Plaintiff be granted leave to amend as to his other claims within thirty days from the date of the order resolving these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 5, 2010**                   /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE