# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:09-CV-01688-AWI-DLB PC<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATION IN FULL<br><br>(DOCS. 10, 11)<br><br>AMENDED COMPLAINT DUE WITHIN<br>THIRTY DAYS |

Plaintiff Leonard Ransom, Jr. ("plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on September 24, 2009. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 6, 2010, the Magistrate Judge filed a Findings and Recommendations that recommended Plaintiff's Ex Post Facto Clause claim be dismissed without leave to amend and Plaintiff's other claims be dismissed with leave to amend. The Findings and Recommendations was served on Plaintiff and contained notice that any objection to the Findings and Recommendations was to be filed within twenty-one days. Plaintiff filed an Objection to the Findings and Recommendations on October 28, 2010.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and

Recommendations to be supported by the record and by proper analysis. Plaintiff's objections are unsupported by the record. Petitioner contends that the application of a 2008 amendment to California Penal Code Section 3041.5, which allows for a longer time between parole hearings, violates the Ex Post Facto Clause. The Supreme Court previously addressed whether application of a 1981 amendment to California Penal Code Section 3041.5(b)(2), allowing a decrease in frequency of parole hearings, was an ex post facto violation. Cal. Dep't of Corr. v. Morales, 514 U.S. 499 (1995). The Supreme Court in Morales held that the amendment was not a violation of the Ex Post Facto Clause because it only created "the most speculative and attenuated risk of increasing the measure of punishment ..." Id. at 508-09. In light of Morales, and contrary to Petitioner's objections, the lengthening of time between parole hearings does not violate the Ex Post Facto Clause.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed October 6, 2010, is adopted in full;
2. The complaint is dismissed;
3. Plaintiff's ex facto claim is dismissed without leave to amend;
4. All other claims are dismissed with leave to amend;
5. The Clerk of the Court is DIRECTED to send Plaintiff a cilvil rights complaint form; and
6. Plaintiff is granted leave to amend as to his other claims within thirty days from the date of service of this order. Failure to file an amended complaint or otherwise comply with the Court's order will result in dismissal of this action for failure to obey a court order and for failure to state a claim;

IT IS SO ORDERED.

Dated: November 13, 2010

CHIEF UNITED STATES DISTRICT JUDGE